**INTERNATIONAL CONSULTING SER-VICES LTD., Doing Business as ICS Travel, Plaintiff–Counter–Defendant–Appellant,**

v.

**CHEAP TICKETS, INC., Defendant–Counter–Claimant–Appellee.**

Docket No. 04–2153.

United States Court of Appeals, Second Circuit.

Aug. 8, 2005.

Ronald Cohen, New York, New York, for Appellant.

Jamie A. Levitt (J. Alexander Lawrence, on the brief), Morrison & Foerster LLP, New York, New York, for Appellee.

Present: CALABRESI, RAGGI, Circuit Judges, and COTE, District Judge.[1]

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the permanent injunction order of the district court, entered on April 22, 2004, is hereby AFFIRMED.

Plaintiff-counter-defendant-appellant International Consulting Services Ltd. ("ICS") invokes 28 U.S.C. § 1292(a)(1) to appeal a permanent injunction that precludes it from using trademarks and a domain name registered to defendant-counter-claimant-appellee Cheap Tickets, Inc. ("CTI"), or marks similar to or likely to cause confusion therewith. The injunction was supported by the district court's award of summary judgment in favor of CTI on its counterclaims against ICS for trademark infringement, unfair competition, and cybersquatting, all in violation of the Lanham Act, 15 U.S.C. §§ 1051–1127. We assume the parties' familiarity with the facts and procedural history of this case, which we reference as necessary only to explain our reasons for rejecting ICS's challenge to the injunction.

Preliminarily, we observe that in its briefs and at oral argument, ICS emphatically stated that it is not challenging the summary judgment award on appeal, which it notes has not yet been reduced to a final judgment. Accordingly, we focus on this appeal only on the district court's injunction.

ICS raises a single challenge to the injunction: because CTI's marks are generic, the district court erred in granting them protection. The argument is unconvincing. The correctness of the district court's determination that CTI's marks are suggestive or descriptive rather than generic would be relevant on this appeal if the district court's injunctive order were based only on trademark infringement or cybersquatting. *See Star Indus., Inc. v. Bacardi & Co. Ltd., Bacardi U.S.A.,* 412

[1] The Honorable Denise Cote, of the United States District Court for the Southern District of New York, sitting by designation.

F.3d 373, 381 (2d Cir.2005) (noting that to "succeed in a Lanham Act suit for trademark infringement ... the plaintiff must prove that its mark is entitled to protection"); *Sporty's Farm L.L.C. v. Sportsman's Mkt., Inc.*, 202 F.3d 489, 497 (2d Cir.2000) ("Under the new [Anticybersquatting Consumer Protection] Act, we must first determine whether [the mark at issue] is a distinctive or famous mark and thus entitled to the ACPA's protection."). But the injunction is also—and independently—supported by the district court's conclusion that ICS engaged in unfair competition, a theory of liability that can succeed even with respect to generic marks. *See Genesee Brewing Co. v. Stroh Brewing Co.*, 124 F.3d 137, 149 (2d Cir. 1997) (holding that conclusion that "mark is generic ... does not preclude a finding that [defendant] has violated the Lanham Act by engaging in unfair competition"). Thus, we need not here address ICS's argument that CTI's marks are generic because that contention, even if correct, is inadequate to undermine the district court's injunction. ICS having failed to challenge the district court's unfair competition conclusion on this appeal, we affirm the injunction on that ground, expressing no view as to whether it would also be supported on the alternative theories of trademark infringement or cybersquatting.

At oral argument, ICS asserted that the district court's injunction was overbroad. Because this is not a point advanced in the argument section of its briefs on appeal, we do not address this issue. *See State Street Bank v. Inversiones Errazuriz*, 374 F.3d 158, 172 (2d Cir.2004). Our holding is without prejudice to ICS moving in the district court to modify the injunction to address any concerns it may have about its application in particular circumstances. *See King–Seeley Thermos Co. v. Aladdin Indus., Inc.*, 418 F.2d 31, 35 (2d Cir.1969)

(Friendly, J.) (recognizing broad power of issuing court to modify injunction).

The district court's April 22, 2004 permanent injunction order is hereby AF-FIRMED.